**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BELINDA MOORE,<br>parent and next friend of M.A., a minor<br>6318 South Wolcott<br>Chicago, IL  60636<br><br>and<br><br>CHARLENE ANKROM,<br>parent and next friend of A.A., a minor<br>2514 Pomeroy Road, SE, #303<br>Washington, D.C.  20020<br><br>and<br><br>CYNTHIA BAYLOR,<br>parent and next friend of J.B., a minor<br>700 12th Street, SE<br>Washington, D.C.  20003<br><br>and<br><br>EVELYN BONILLA,<br>parent and next friend of R.B., a minor<br>1445 Park Road, NW, #507<br>Washington, D.C.  20010<br><br>and<br><br>ELAINE BROWN,<br>parent and next friend of P.B., a minor<br>3341 D Street, SE<br>Washington, D.C.  20019<br><br>and<br><br>AMPORO BYRD,<br>parent and next friend of L.B., a minor<br>1725 Lanier Place, NW, #5C<br>Washington, D.C.  20009 | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1

and                                          )
                                             )
XAVANE and BRENDA SMITH,                     )
parents and next friends of J.C., a minor    )
4626 4th Street, NW                          )
Washington, D.C.  20011                      )
                                             )
and                                          )
                                             )
LISA PRYOR,                                  )
parent and next friend of K.C., a minor      )
2486 Skyland Place, SE                       )
Washington, D.C.  20020                      )
                                             )
and                                          )
                                             )
PAMELA COLEMAN-WHEELER,                      )
parent and next friend of D.C., a minor      )
5229 Cloud Place, NE                         )
Washington, D.C.  20019                      )
                                             )
and                                          )
                                             )
TIFFANY CUNNINGHAM,                          )
parent and next friend of S.C., a minor      )
1644 Fort Davis Street, SE                   )
Washington, D.C.  20020                      )
                                             )
and                                          )
                                             )
EDWARD DAVIS,                                )
parent and next friend of C.D., a minor      )
1250 Miegs Place, NE, #2                     )
Washington, D.C.  20002                      )
                                             )
and                                          )
                                             )
MARISOL SAGASTISADO,                         )
parent and next friend of M.F., a minor      )
1228 11th Street, NW, #4                     )
Washington, D.C.  20001                      )
                                             )

and                                                          )
                                                             )
TRINA HAILSTORKS,                                            )
parent and next friend of C.H., a minor                      )
310 Anacostia Road, SE, #A21                                 )
Washington, D.C.  20019                                      )
                                                             )
and                                                          )
                                                             )
CHERI HALL,                                                  )
parent and next friend of I.H., a minor                      )
1502 Eaton Road, SE, #1                                      )
Washington, D.C.  20020                                      )
                                                             )
and                                                          )
                                                             )
ETHEL HALL,                                                  )
parent and next friend of T.H., a minor                      )
1730 7th Street, NW, #310                                    )
Washington, D.C.  20001                                      )
                                                             )
and                                                          )
                                                             )
STEPHANIE HAMPTON,                                           )
parent and next friend of S.H., a minor                      )
3619 22nd Street, SE                                         )
Washington, D.C.  20020                                      )
                                                             )
and                                                          )
                                                             )
LILLIE GRIFFIN,                                              )
parent and next friend of R.H., a minor                      )
3141 Apple Road, NE                                          )
Washington, D.C.  20018                                      )
                                                             )
and                                                          )
                                                             )
ANGELA CLARK,                                                )
parent and next friend of T.H., a minor                      )
830 Varnum Street, NW                                        )
Washington, D.C.  20011                                      )
                                                             )

and                                              )
                                                 )
BELINDA HATTON,                                  )
parent and next friend of C.H., a minor          )
1904 3rd Street, NE, #2                           )
Washington, D.C.  20002                          )
                                                 )
and                                              )
                                                 )
SANDRITA HAYNES,                                 )
parent and next friend of S.H., a minor          )
217 Newcomb Street, SE, #303                     )
Washington, D.C.  20032                          )
                                                 )
and                                              )
                                                 )
ELLENIE TSIGE,                                    )
parent and next friend of A.H., a minor          )
301 G Street, SW, #401                           )
Washington, D.C.  20024                          )
                                                 )
and                                              )
                                                 )
BERNADETTE JAMES,                                 )
parent and next friend of D.J., a minor          )
3981 Ames Street, NW                             )
Washington, D.C.  20019                          )
                                                 )
and                                              )
                                                 )
SHIRLEY RICHARDSON,                               )
parent and next friend of D.J., a minor          )
2130 H Street, NE                                )
Washington, D.C.  20002                          )
                                                 )
and                                              )
                                                 )
ALVINA JACKSON,                                   )
parent and next friend of M.J., a minor          )
3715 4th Street, SE, #F                           )
Washington, D.C.  20032                          )
                                                 )

4

and                                                              )
                                                                 )
LORETTA KNIGHT,                                                  )
parent and next friend of D.K., a minor                          )
5040 D Street, SE, #8                                            )
Washington, D.C.  20019                                          )
                                                                 )
and                                                              )
                                                                 )
EVA CELI,                                                        )
parent and next friend of E.L., a minor                          )
1111 Massachusetts Avenue, NW                                    )
Washington, D.C.  20005                                          )
                                                                 )
and                                                              )
                                                                 )
ANTHONY PRICE,                                                   )
parent and next friend of A.L., a minor                          )
615 Otis Place, NW                                               )
Washington, D.C.  20011                                          )
                                                                 )
and                                                              )
                                                                 )
DENISE DOWNING,                                                  )
parent and next friend of J.L., a minor                          )
1431 A Street, SE                                                )
Washington, D.C.  20003                                          )
                                                                 )
and                                                              )
                                                                 )
TYRONE and EMMA LYNCH,                                           )
parents and next friends of A.L., a minor                        )
2320 Good Hope Road, SE, #103                                    )
Washington, D.C.  20020                                          )
                                                                 )
and                                                              )
                                                                 )
STACEY HARVEY,                                                   )
parent and next friend of D.M., a minor                          )
2520 10th Street, NE, #27                                        )
Washington, D.C.  20018                                          )
                                                                 )

and                                              )
                                                 )
CAROL HOWARD MOSS,                               )
parent and next friend of A.M., a minor          )
325 P Street, SW, #1012                          )
Washington, D.C. 20024                           )
                                                 )
and                                              )
                                                 )
ANTONIO BALLARD,                                 )
parent and next friend of K.M., a minor          )
1715 Monroe Street, NE                           )
Washington, D.C. 20018                           )
                                                 )
and                                              )
                                                 )
JEAN ABDUR RASHID,                               )
parent and next friend of J.M., a minor          )
631 Condon Terrace, SE                           )
Washington, D.C. 20032                           )
                                                 )
and                                              )
                                                 )
TONYA NASH,                                      )
parent and next friend of C.N., a minor          )
182 36th Street, NE, #4                           )
Washington, D.C. 20019                           )
                                                 )
and                                              )
                                                 )
TONYA O'NEAL,                                    )
parent and next friend of H.O., a minor          )
2019 M Street, NE                                )
Washington, D.C. 20002                           )
                                                 )
and                                              )
                                                 )
SONIA RAMIREZ,                                   )
parent and next friend of J.R., a minor          )
6707 14th Street, NW                             )
Washington, D.C. 20011                           )
                                                 )

6

and                                              )
                                                 )
BLANCA ROMERO,                                   )
parent and next friend of L.R., a minor          )
7019 Georgia Avenue, NW, #512                    )
Washington, D.C.  20012                          )
                                                 )
and                                              )
                                                 )
DIANE TALLEY,                                    )
parent and next friend of A.T., a minor          )
500 3rd Street, NW, #201                         )
Washington, D.C.  20001                          )
                                                 )
and                                              )
                                                 )
SEQUITTA TOLLIVER,                               )
parent and next friend of J.T., a minor          )
3615 Minnesota Avenue, SE, #301                  )
Washington, D.C.  20019                          )
                                                 )
and                                              )
                                                 )
RHONZELLE GUNN,                                   )
parent and next friend of D.W., a minor          )
1443 Fairmont Street, NW, #E14                   )
Washington, D.C.  20009                          )
                                                 )
and                                              )
                                                 )
JEAN MOSES,                                      )
parent and next friend of R.W., a minor          )
621 Burns Street, NE                             )
Washington, D.C.  20032                          )
                                                 )
and                                              )
                                                 )
YVETTE YOUNG,                                    )
parent and next friend of J.W., a minor          )
5924 9th Street, NW, #305                        )
Washington, D.C.  20011                          )
                                                 )

and                                         )
                                            )
PATRICIA WRIGHT,                            )
parent and next friend of T.W., a minor     )
2706 Bruce Place, SE                        )
Washington, D.C.  20020                     )
                                            )
and                                         )
                                            )
DENISE ZIEGLER,                             )
parent and next friend of E.Z., a minor     )
2010 Maryland Avenue, NE, #101              )
Washington, D.C.  20002                     )
                                            )
                    Plaintiffs,             )
                                            )
        v.                                  )
                                            )
THE DISTRICT OF COLUMBIA                    )
A Municipal Corporation                     )
One Judiciary Square                        )
441 Fourth Street, NW                       )
Washington, D.C.  20001                     )
                                            )
serve:                                      )
                                            )
ANTHONY L. WILLIAMS, Mayor                  )
District of Columbia                        )
1350 Pennsylvania Avenue, NW, 5th Floor     )
Washington, D.C.  20004                     )
                                            )
serve:                                      )
                                            )
ROBERT SPAGNOLETTI                          )
Attorney General                           )
District of Columbia                        )
1350 Pennsylvania Avenue, NW, Suite 409     )
Washington, D.C.  20004                     )
                                            )
serve:                                      )
                                            )
CLIFFORD JANEY (officially)                 )
Superintendent, D.C. Public Schools         )

8

825 North Capitol Street, NE )
Suite # 9026 )
Washington, D.C. 20002 )
                                         )
                 Defendants. )
                                         )

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive,

and Other Relief respectfully represent unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.      This is an action for full reimbursement of attorneys' fees and costs

incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals

with Disabilities Education Improvement Act ("IDEIA"). Defendants have failed to carry

out their legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing

parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to

obtain the full reimbursement due them.

### JURISDICTION

2.      This Court has jurisdiction pursuant to:

      a.      The Individuals with Disabilities Education Improvement Act, 20

U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section

504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills*

decree, and pendent jurisdiction pursuant to D.C. Mun. Regs. Title

5 §§ 3000.1 - 3701.3 (2003);

b.      42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil

remedy for acts taken under color of law that subject any citizen of

the United States or person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the

Constitution and laws;

c.      Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**PARTIES**

4.      Plaintiffs are children eligible to receive special education services and

benefits from the District of Columbia as defined by the IDEIA and Section 504, as well

as their parents or guardians who, at all times relevant to this action, were residents of the

District of Columbia, and who prevailed in administrative hearings held pursuant to the

IDEA. The parents bring this action on behalf of the children and in their own right, and

the individual Plaintiffs are designated as follows:

a.      At all times relevant hereto, Muhammad Archer was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

August 26, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to provide the student with occupational therapy services.

For relief, Plaintiff requested DCPS to fund 18 hours of occupational therapy services and

reimburse the parent for all occupational therapy services provided. On or about October

21, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the

Defendant DCPS to fund 18 hours of independent occupational therapy services. Plaintiff

is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted

a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $4,350.32 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs without

reason, and $4,350.32 is still due and owing from the Defendant. Copies of the Hearing

Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as

EXHIBIT 1.

      b.     At all times relevant hereto, Andrew Ankrom was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to develop an Individualized Educational Program

("IEP") that is reasonably calculated to provide a free appropriate public education

("FAPE"). For relief, Plaintiff asked DCPS to convene an IEP meeting to review and

revise the IEP consistent with the assessments and to determine a placement where the

IEP may be implemented; and provide or fund one-on-one tutoring for each day of

services that DCPS denied to the student until his academic performance is

commensurate with his grade level. On or about November 3, 2005, Plaintiff appeared

before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene an

MDT/IEP meeting, within 15 school days after the student's math teacher returned from

jury duty, to review math goals and all current evaluations, review and revise the IEP, and

discuss and determine appropriate educational placement for the 2005-2006 school year.

11

Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $6,925.94 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs

without reason, and $6,925.94 is still due and owing from the Defendant. Copies of the

Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached

hereto as EXHIBIT 2.

      c.    At all times relevant hereto, Jamal Baylor was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 22, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to conduct either a psychiatric and/or psycho-educational

evaluation as agreed upon by the MDT team; failed to convene a complete IEP team at a

meeting held on July 6, 2005; failed to develop an appropriate Individualized Educational

Program ("IEP") for the student; and failed to comply with a December 1, 2004 Hearing

Officer's Determination ("HOD") to conduct a functional behavioral assessment. For

relief, Plaintiff asked DCPS to conduct and/or fund psycho-educational, psychiatric, and

functional behavioral assessments; convene an MDT meeting within ten calendar days of

completion of the assessments to review evaluations, revise the IEP, discuss

compensatory education, and discuss and determine placement; secure all necessary IEP

team members to participate in the MDT meeting; and develop a compensatory plan

within ten calendar days after the IEP is drafted or fund up to five hours of independent

12

tutoring and/or counseling services each week.  On or about November 21, 2005, Plaintiff

appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to

conduct or fund psychiatric, psycho-educational, and functional behavioral assessments

within 20 calendar days of the issuance of the Hearing Officer's Determination ("HOD");

convene an MDT/IEP meeting within 15 school days of the receipt of the last evaluation

to review all current evaluations, review and revise the IEP, if necessary, and discuss and

determine an appropriate educational placement for the remainder of the 2005-2006

school year; and discuss and determine compensatory education, and develop an

appropriate plan, if warranted.  Plaintiff is the prevailing party as that term is defined by

law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS

attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of

$11,204.34 in accordance with the DCPS' requirements in Board of Education Rule 5

DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for

her attorneys' fees and costs without reason, and $11,204.34 is still due and owing from

the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination

("HOD"), and Invoice are attached hereto as EXHIBIT 3.

       d.     At all times relevant hereto, Rodrigo Bonilla was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about June

17, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to provide 64 hours of compensatory occupational therapy as

required in a March 21, 2005 compensatory education plan, and failed to provide a

complete copy of the student's Individualized Educational Program ("IEP") to the parent.

For relief, Plaintiff asked DCPS to fund 64 hours of private occupational therapy, and

provide the parent and her representatives a complete copy of the IEP or convene an

MDT meeting within five business days to complete the student's IEP and identify an

appropriate placement.  On or about November 8, 2005, Plaintiff appeared before an

Impartial Hearing Officer, who ordered the Defendant DCPS to convene an MDT/IEP

meeting by November 24, 2005 to review and verify compliance with the March 21, 2005

compensatory education plan, and to determine if additional compensatory education is

warranted in the event the plan has not been implemented.  Plaintiff is the prevailing

party as that term is defined by law.  Plaintiff's attorney timely submitted a certified

invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys'

fees and costs in the amount of $14,007.21 in accordance with the DCPS' requirements in

Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused

to reimburse the parent for her attorneys' fees and costs without reason, and $14,007.21 is

still due and owing from the Defendant.  Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 4.

      e.     At all times relevant hereto, Patrick Brown was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about June 9,

2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to convene an MDT meeting as ordered in a May 10, 2005

Hearing Officer's Determination ("HOD"), failed to conduct a recommended psychiatric

evaluation, and failed to provide an appropriate Individualized Educational Program

("IEP").  For relief, Plaintiff asked DCPS to fund an independent psychiatric evaluation;

14

convene an MDT/IEP meeting to review all current assessments, revise the IEP, and determine an appropriate placement; and provide compensatory education in the form of one-on-one tutoring. On or about November 4, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene a BLMDT/IEP meeting within 45 calendar days of the issuance of the Hearing Officer's Determination ("HOD") to review and discuss the psychiatric and all existing assessments, determine if the student is eligible for special education services, review and revise the IEP, if necessary, discuss and determine placement, and discuss and decide if a compensatory education plan is warranted; and determine the amount, form, and means of delivering the student's compensatory education by developing and implementing a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,345.34 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,345.34 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 5.

      f.     At all times relevant hereto, Lenzdal Byrd was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 9, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide an appropriate placement for the student, failed to

15

complete academic testing in time for the new school year, and failed to conduct an annual review of the Individualized Educational Program ("IEP") in a timely manner. For relief, Plaintiff asked DCPS to fund interim placement, including transportation, to either Rock Creek Academy, Accotink Academy, Pathways Academy, Foundations Academy, or Taft School; fund updated academic testing for the student; and convene an MDT meeting within ten business days of receiving the student's updated academic testing to revise the IEP, determine compensatory education, and identify an appropriate placement. On or about October 26, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place and fund, on an interim basis, the student's attendance at Rock Creek Academy; and convene an MDT/IEP/Placement meeting within 30 calendar days of the issuance of the Hearing Officer's Determination ("HOD") to discuss and determine placement, discuss compensatory education, and develop a compensatory education plan. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $19,267.45 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $19,267.45 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 6.

g.     At all times relevant hereto, Jaquan Clements was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August

16

22, 2005, Plaintiffs, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to identify the student as a student with a disability in need of

special education services, and failed to timely evaluate the student pursuant to February

18, 2005 written requests to do so.  For relief, Plaintiffs asked DCPS to conduct and/or

fund evaluations, including psycho-educational, clinical psychological, speech/language,

social history, functional behavioral assessments, and classroom observations; and

convene an MDT meeting within ten calendar days of completion of the assessments to

review the evaluations, revise the Individualized Educational Program ("IEP"), discuss

compensatory education, and discuss and determine placement.  On or about November

14, 2005, Plaintiffs appeared before an Impartial Hearing Officer, who ordered the

Defendant DCPS to conduct or fund speech/language and functional behavioral

assessments within 15 school days of the issuance of the Hearing Officer's Determination

("HOD"); convene a BLMDT meeting within 20 school days of the receipt of the last

evaluation to review all current evaluations, determine eligibility, develop an IEP, if

appropriate, and discuss and determine compensatory education.  Plaintiffs are the

prevailing parties as that term is defined by law.  Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $9,261.96 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parents for their attorneys' fees and costs without

reason, and $9,261.96 is still due and owing from the Defendant.  Copies of the Hearing

Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as

EXHIBIT 7.

      h.      At all times relevant hereto, Kenneil Cole was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 7, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to implement the student's Individualized Educational

Program ("IEP").  For relief, Plaintiff asked DCPS to implement the student's IEP

immediately, and provide or fund compensatory education in the form of one-on-one

tutoring for each day of services the student missed due to DCPS' failure to implement

the IEP.  On or about November 1, 2005, Plaintiff appeared before an Impartial Hearing

Officer, who ordered the Defendant DCPS to make arrangements for a dedicated aide for

the student within 20 days of the issuance of the Hearing Officer's Determination

("HOD"); and convene an MDT meeting to discuss and revise the student's IEP, and

discuss and determine compensatory education.  Plaintiff is the prevailing party as that

term is defined by law.  Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

costs in the amount of $11,978.54 in accordance with the DCPS' requirements in Board

of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to

reimburse the parent for her attorneys' fees and costs without reason, and $11,978.54 is

still due and owing from the Defendant.  Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 8.

      i.      At all times relevant hereto, Donte Coleman was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 6, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to comply with a June 20, 2005 Hearing Officer's

Determination ("HOD") to transmit to Plaintiff's counsel a copy of the student's clinical

psychological education and to conduct a classroom observation and social history

evaluation. For relief, Plaintiff asked DCPS to provide to Plaintiff's attorney a copy of

the student's clinical psychological evaluation, conduct a classroom observation and a

social history evaluation for the student, convene an MDT/IEP meeting within five

calendar days of a HOD or settlement agreement, and provide the student with

compensatory education services in the form of one-on-one tutoring. On or about

October 31, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the

Defendant DCPS to fund an independent clinical psychological evaluation; and conduct a

BLMDT/IEP meeting to review and discuss existing assessments to determine if the

student is still eligible for special education services, review and revise the student's

Individualized Educational Program ("IEP"), discuss and determine placement, discuss

and decide if a compensatory education plan is warranted, and determine the amount,

form, and means of delivering compensatory education. Plaintiff is the prevailing party

as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

costs in the amount of $8,319.99 in accordance with the DCPS' requirements in Board of

Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to

reimburse the parent for her attorneys' fees and costs without reason, and $8,319.99 is

still due and owing from the Defendant. Copies of the Hearing Request, Hearing

19

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 9.

      j.      At all times relevant hereto, Sydney Cunningham was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

August 30, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to complete recommended assessments and draft a new

Individualized Educational Program ("IEP"), failed to provide the student counseling

services, and failed to provide an appropriate IEP.  For relief, Plaintiff asked DCPS to

fund an independent functional behavioral assessment and Behavior Intervention Plan

("BIP"); convene an MDT/IEP meeting within 15 calendar days of receipt of the

assessments; and provide compensatory education in the form of one-on-one tutoring.  On

or about October 21, 2005, Plaintiff appeared before an Impartial Hearing Officer, who

ordered the Defendant DCPS to conduct a functional behavioral assessment within 30

calendar days of the issuance of the Hearing Officer's Determination ("HOD"); and

convene an MDT/IEP meeting within 15 school days of the completion of the assessment

to review the assessment, review and revise the IEP as necessary, develop a Behavior

Intervention Plan, and discuss and determine compensatory education.  Plaintiff is the

prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $9,836.89 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs without

reason, and $9,836.89 is still due and owing from the Defendant.  Copies of the Hearing

Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 10.

k.       At all times relevant hereto, Cassie Davis was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 10, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide the student with the recommended educational placement, and failed to reevaluate the student. For relief, Plaintiff asked DCPS to submit referral packets to High Roads Academy, Pathways School, Frost School, and Foundations; fund an independent psychiatric evaluation; and convene an MDT/IEP meeting within 15 school days of receipt of the psychiatric evaluation to review all evaluations, draft an Individualized Educational Program ("IEP"), and issue a notice of placement to one of the specified programs. On or about November 2, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene an MDT meeting within ten school days of the student's attendance at Jos Arz to review all current evaluations, update the student's IEP, discuss the need for a psychiatric evaluation and compensatory education, and discuss placement alternatives. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,448.15 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason, and $6,448.15 is still due and owing from the Defendant. Copies of the Hearing Request,

Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT
11.

I.        At all times relevant hereto, Melvin Fuentes was a student in the District
of Columbia Public Schools' ("DCPS") Special Education Program. On or about
September 1, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that
the Defendant DCPS failed to complete evaluations and convene an MDT meeting, as
agreed to by the parties on June 20, 2005 and ordered by a Hearing Officer on July 28,
2005; and failed to issue a Hearing Officer's Determination ("HOD") in a timely manner
after a May 11, 2005 hearing request. For relief, Plaintiff asked DCPS to conduct
bilingual psycho-educational, social history, clinical-psychological, and functional
behavioral assessments; and to convene an MDT meeting within ten business days of
completion of the last evaluation to review the evaluations, determine eligibility, develop
an Individualized Educational Program ("IEP"), if appropriate, determine compensatory
education from December 2004 through the date of the hearing request, and identify an
appropriate placement. On or about October 28, 2005, Plaintiff appeared before an
Impartial Hearing Officer, who ordered the Defendant DCPS to allow the parent to obtain
an independent social history evaluation; conduct a bilingual clinical psychological
evaluation; and convene an MDT meeting within 15 school days of receipt of the
independent evaluation to review all current evaluations, determine the student's
eligibility for special education services, discuss placement alternatives, if necessary, and
discuss compensatory education services. Plaintiff is the prevailing party as that term is
defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to

22

DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the

amount of $9,874.38 in accordance with the DCPS' requirements in Board of Education

Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the

parent for her attorneys' fees and costs without reason, and $9,874.38 is still due and

owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's

Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 12.

      m.     At all times relevant hereto, Crystal Hailstorks was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 16, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to implement the student's Individualized Educational

Program ("IEP"), failed to provide the student with an appropriate placement, and failed

to provide the student with related services contained in her current IEP, and failed to

allow the parent to participate in the placement decision for the student.  For relief,

Plaintiff asked DCPS to convene an expedited MDT meeting the address placement for

the student, notify the parent of at least three proposed program/placement options prior

to the MDT meeting, secure the participation at the meeting of all necessary IEP team

members, and provide compensatory education in the form of ten hours of tutoring each

week from the commencement of the 2005-2006 school year until the date the IEP is

developed and implemented.  On or about November 9, 2005, Plaintiff appeared before

an Impartial Hearing Officer, who ordered the Defendant DCPS to deliver to the student

2.5 hours of psycho-social counseling each week as indicated on the student's June 16,

2005 IEP; convene an MDT/IEP meeting, within 15 school days of receipt of the last of

the independent vocational and educational evaluations, to review the evaluations, review and revise the IEP as appropriate, and discuss additional compensatory education; within ten school days of the Hearing Officer's Determination ("HOD"), deliver to the student 40 hours of compensatory education in the form of one-to-one tutoring in geometry; and provide fare cards and/or tokens in the amount of $180.00 to transport the student to school. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,293.10 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,293.10 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 13.

      n.    At all times relevant hereto, Isaiah Hall was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 30, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to convene a complete IEP team on August 19, 2005; failed to revise the student's Individualized Educational Program ("IEP") for the 2005-2006 school year; failed to provide an appropriate IEP; failed to comprehensively evaluate the student; failed to reevaluate the student upon parental request; and failed to comply with the terms of a July 13, 2005 settlement agreement, pursuant to which DCPS agreed to convene an MDT meeting within 30 calendar days to review and revise the student's IEP,

24

discuss compensatory education, and discuss and determine placement. For relief,

Plaintiff asked DCPS to fund independent evaluations, including psycho-educational,

clinical, social history, speech/language, functional behavioral, and vocational

assessments; fund a psychiatric evaluation, neuropsychological evaluation, and

occupational therapy assessment; provide compensatory counseling and instructional

services over the past two years in the form of at least one hour of independent counseling

and/or five hours of individual tutoring; and provide additional compensatory education

as warranted. On or about October 25, 2005, Plaintiff appeared before an Impartial

Hearing Officer, who ordered the Defendant DCPS to conduct or fund psycho-

educational, speech/language, social history, and functional behavioral assessments

within ten school days of the issuance of the Hearing Officer's Determination ("HOD");

convene an MDT/IEP meeting within ten school days of the receipt of the evaluations to

review all current evaluations, review and revise the student's IEP, and discuss and

determine an appropriate placement for the 2005-2006 school year; and provide

compensatory education to the student. Plaintiff is the prevailing party as that term is

defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to

DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the

amount of $6,274.75 in accordance with the DCPS' requirements in Board of Education

Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the

parent for her attorneys' fees and costs without reason, and $6,274.75 is still due and

owing from the Defendant. Copies of the Hearing Request, Hearing Officer's

Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 14.

25

o.    At all times relevant hereto, Tyrone Hall was a student in the District of
Columbia Public Schools' ("DCPS") Special Education Program. On or about August 8,
2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the
Defendant DCPS failed to comply with an August 1, 2005 Hearing Officer's
Determination ("HOD") to convene an MDT/IEP meeting and failed to issue a final
decision within 45 days of receipt of a hearing request. For relief, Plaintiff asked DCPS
to fund interim placement, with transportation, to SunRise Academy and convene an
MDT meeting within 30 days. On or about October 6, 2005, Plaintiff appeared before an
Impartial Hearing Officer, who ordered the Defendant DCPS to convene an MDT/IEP
meeting within 30 calendar days of the issuance of the Hearing Officer's Determination
("HOD"), pursuant to the terms of the August 1, 2005 HOD, to review all evaluations,
review and revise the student's IEP, and discuss and determine an appropriate placement
for the 2005-2006 school year; issue a notice of placement if a change of placement is
warranted; and conduct a functional behavioral assessment prior to convening the
MDT/IEP meeting. Plaintiff is the prevailing party as that term is defined by law.
Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee
guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,881.73 in
accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4
and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys'
fees and costs without reason, and $4,881.73 is still due and owing from the Defendant.
Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice
are attached hereto as EXHIBIT 15.

26

p.    At all times relevant hereto, Shenee Hampton was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

October 3, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to comply with a May 25, 2005 Hearing Officer's Decision

and to complete the special education eligibility process.  For relief, Plaintiff asked DCPS

to fund a functional behavioral assessment; provide the student with compensatory

education in the form of one-on-one tutoring in language arts for three hours each week

for the 2005-2006 school year; convene an MDT/IEP/Manifestation meeting within ten

school days to review all assessments, draft an appropriate Individualized Educational

Program ("IEP"), and determine an appropriate educational placement.  On or about

November 28, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered

the Defendant DCPS to fund an independent functional behavioral assessment; and

convene an MDT meeting within 15 school days of receipt of the evaluation to review the

evaluation, develop a Behavior Intervention Plan, discuss and determine placement, and

discuss and determine compensatory education.  Plaintiff is the prevailing party as that

term is defined by law.  Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

costs in the amount of $8,754.75 in accordance with the DCPS' requirements in Board of

Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS informed the

parent's attorneys that they refused to reimburse the parent for her attorneys' fees and

costs without reason, and $8,754.75 is still due and owing from the Defendant.  Copies of

the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached

27

hereto as EXHIBIT 16.

      q.     At all times relevant hereto, Ryan Harris was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 14, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to evaluate the student in all areas of suspected disability,

failed to complete evaluations, failed to identify the student for special education

services, failed to hold a manifestation determination meeting, and failed to adhere to the

procedural safeguards prior to the student's removal from school. For relief, Plaintiff

asked DCPS to fund independent psycho-educational, social history, speech/language,

and clinical evaluations; convene a manifestation meeting to address all of the student's

expulsions and suspensions; and convene an MDT/IEP meeting within ten calendar days

of receipt of all evaluations to review all evaluations, develop an Individualized

Educational Program ("IEP"), if appropriate, discuss and determine an appropriate

placement, and discuss and determine compensatory education. On or about November

4, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the

Defendant DCPS to fund an independent clinical psychological evaluation; conduct

within 30 calendar days of the issuance of the Hearing Officer's Determination ("HOD")

psycho-educational, social history, and speech/language evaluations; and convene an

MDT/Eligibility meeting within 15 school days of receipt of the evaluations to review the

evaluations, determine the student's eligibility for special education services, develop an

IEP, if appropriate, discuss and determine placement, and discuss compensatory

education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's

attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,654.49 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,654.49 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 17.

      r.    At all times relevant hereto, Thomas Harris was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 31, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to identify an appropriate placement for the student, failed to convene an appropriate IEP team at an August 2, 2005 meeting, and failed to allow the parent to participate fully in the student's placement decision. For relief, Plaintiff asked DCPS to fund private placement for the student and/or identify an alternate placement identified by the parent; convene an MDT meeting, within 30 calendar days of the date that the student begins his new placement, to develop a compensatory education plan and discuss progress; provide or fund compensatory education for every hour of service that the student is not provided during the 2005-2006 school year. On or about October 25, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place and fund the student at the SunRise Academy on an interim basis for the 2005-2006 school year, with transportation and "stay put" protection. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a

29

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $10,098.04 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $10,098.04 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 18.

s.    At all times relevant hereto, Charles Hatton was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 26, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to allow the parent to participate in the determination of the student's educational placement, and failed to provide the parent with prior notice of change of placement. For relief, Plaintiff asked DCPS to provide the parent with information, prior to the MDT meeting, regarding education placements for the 2005-2006 school year; and to convene an MDT/Placement meeting within ten calendar days. On or about October 25, 2005, Plaintiff appeared before an Impartial Hearing Officer, who entered into record a settlement agreement, pursuant to which DCPS agreed to place and fund the student at the Leary School of Prince George's County, Maryland, for the 2005-2006 school year, and to convene an MDT/IEP meeting within 30 days of enrollment. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,081.85 in

30

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4

and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys'

fees and costs without reason, and $9,081.85 is still due and owing from the Defendant.

Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice

are attached hereto as EXHIBIT 19.

      t.     At all times relevant hereto, Shamirra Haynes was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

August 29, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that

the Defendant DCPS failed to follow proper procedure in changing the student's

placement, and failed to convene an appropriate IEP meeting. For relief, Plaintiff asked

DCPS to immediately issue a notice of placement for the student to attend the Center for

Life Enrichment, and fund one-on-one tutoring services to address all services missed by

the student. On or about October 21, 2005, Plaintiff appeared before an Impartial

Hearing Officer, who ordered the Defendant DCPS to place and fund the student at the

Center for Life Enrichment on an interim basis and with "stay put" protection; and to

convene an MDT/Placement meeting on November 22, 2005 to discuss and determine the

form, amount, and amount of compensatory education. Plaintiff is the prevailing party as

that term is defined by law. Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

costs in the amount of $11,640.12 in accordance with the DCPS' requirements in Board

of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to

reimburse the parent for her attorneys' fees and costs without reason, and $11,640.12 is

31

still due and owing from the Defendant. Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 20.

u.    At all times relevant hereto, Andre Hunter was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 13, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to fully assess the student in all areas of suspected

disability, and failed to complete the initial special education process. For relief, Plaintiff

asked DCPS to fund independent psycho-educational, speech/language, social history,

hearing/vision, and clinical psychological evaluations, and formal classroom

observations; convene an MDT/Eligibility meeting within 15 business days of receipt of

the last independent assessment to review all assessments, draft an appropriate

Individualized Educational Program ("IEP"), if necessary, and determine an appropriate

educational placement; and provide the student two hours of tutoring per week for the

entire 2005-2006 school year. On or about November 4, 2005, Plaintiff appeared before

an Impartial Hearing Officer, who ordered the Defendant DCPS to fund independent

psycho-educational and clinical psychological evaluations; conduct a social history and

classroom observation within 30 calendar days of the issuance of the Hearing Officer's

Determination ("HOD"); convene an MDT/Eligibility meeting within 15 school days of

receipt of the evaluations to review the evaluations, determine the student's eligibility for

special education services, develop an IEP, if the student is found to be eligible for

special education services, discuss and determine placement, discuss compensatory

education, and, if warranted, develop a compensatory education plan. Plaintiff is the

32

prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,203.73 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,203.73 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 21.

    v.    At all times relevant hereto, Deonte Jackson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to implement the student's Individualized Educational Program ("IEP"); failed to provide instructional and related services; failed to comply with a March 8, 2005 settlement agreement, pursuant to which DCPS agreed to fund an independent clinical assessment, and convene a meeting to review evaluations and to discuss placement; and failed to provide an appropriate IEP. For relief, Plaintiff asked DCPS to fund the student's private placement at Accotink Academy; convene an MDT meeting within ten calendar days of completion of assessments to review the evaluations, revise the IEP to include levels of performance and a Behavior Intervention Plan, and discuss compensatory education; secure the participation of all necessary team members at the meeting; and provide compensatory education in the form of five hours of individualized tutoring each week and one hour of individual counseling. On or about

33

November 8, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered

the Defendant DCPS to place and fund the student at Accotink Academy with

transportation; implement a compensatory education plan, consisting of 140 hours of

specialized instruction and related services, including occupational therapy services;

complete a clinical psychological evaluation and functional behavioral assessment;

develop a Behavior Intervention Plan; and convene an MDT/IEP meeting to review and

revise the student's IEP.  Plaintiff is the prevailing party as that term is defined by law.

Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee

guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,486.24 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4

and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys'

fees and costs without reason, and $11,486.24  is still due and owing from the Defendant.

Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice

are attached hereto as EXHIBIT 22.

      w.     At all times relevant hereto, Donnell Jackson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 15, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to comply with an August 14, 2005 Hearing Officer's

Determination ("HOD"), which ordered DCPS to convene a Student Evaluation Plan

("SEP") meeting within 30 days of the order; and failed to provide the student with a free

appropriate public education ("FAPE") by refusing to allow him to enroll in school and

receive special education instruction.  For relief, Plaintiff asked DCPS to fund the student

34

at the Rock Creek Academy on an interim basis, allow the student to enroll at Spingarn

Senior High School as a non-attending student, reconvene the SEP meeting within five

business days to determine what evaluations are needed, convene an MDT/IEP meeting to

review evaluations and develop an appropriate Individualized Educational Program

("IEP"), and fund four hours of individualized tutoring each week for two years.  On or

about November 8, 2005, Plaintiff appeared before an Impartial Hearing Officer, who

ordered the Defendant DCPS to place and fund the student at the Rock Creek Academy;

conduct a comprehensive psychological evaluation within 30 calendar days of the student

beginning at the Rock Creek Academy; and convene an MDT/IEP meeting to review all

current evaluations, review and revise the student's IEP, discuss and determine an

appropriate placement for the 2005-2006 school year, discuss and determine

compensatory education, and develop a plan, if warranted.  Plaintiff is the prevailing

party as that term is defined by law.  Plaintiff's attorney timely submitted a certified

invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys'

fees and costs in the amount of $5,838.89 in accordance with the DCPS' requirements in

Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused

to reimburse the parent for her attorneys' fees and costs without reason, and $5,838.89 is

still due and owing from the Defendant.  Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 23.

      x.     At all times relevant hereto, Michael Jackson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 16, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

35

that the Defendant DCPS failed to develop an Individualized Educational Program ("IEP") that includes measurable annual goals. For relief, Plaintiff asked DCPS to convene an IEP meeting to develop an IEP that includes measurable goals, and provide or fund one-on-one tutoring for each day of services the student missed. On or about November 10, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene an MDT meeting by December 9, 2005 to develop IEP goals and to discuss compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,533.00 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $9,533.00 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 24.

      y.     At all times relevant hereto, Darius Knight was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 12, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to complete timely and comprehensive evaluations, failed to fully implement the student's Individualized Educational Program ("IEP"), and failed to provide an appropriate placement and program. For relief, Plaintiff indicated that DCPS agree that it had denied the student a free appropriate public education ("FAPE"); that it agree to provide the parent with psychological, educational, and occupational

therapy evaluations that were completed or fund independent evaluations; that it agree to certify that all referred evaluations were reviewed at an IEP meeting by the time of the due process hearing or to convene an MDT/IEP meeting to review all outstanding evaluations and develop an IEP, discuss placement, and discuss and determine compensatory education; that it agree to convene an MDT/IEP meeting after all evaluations are completed; and that it agree to provide one-on-one tutoring for all services not provided during the 2005-2006 school year. On or about November 2, 2005, Plaintiff appeared before an Impartial Hearing Officer, and settled on the record, indicating that DCPS would begin delivery of one-on-one tutoring to the student for two hours each week within five (5) school days from the date of the hearing; fund an independent occupational therapy assessment; convene an MDT/IEP meeting within 15 school days of receipt of the evaluation to review the evaluation, review and revise the student's IEP, discuss and determine placement, and discuss the amount and delivery of one-on-one tutoring services from April 19, 2005 through the MDT/IEP meeting. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,646.39 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $7,646.39 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 25.

37

z.      At all times relevant hereto, Erick Leon was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

3, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to complete an occupational therapy evaluation in a timely

manner, failed to evaluate the student in all areas of suspected disability, and failed to

conduct reevaluations in a timely manner.  For relief, Plaintiff asked DCPS to fund

independent occupational therapy, psycho-educational, and clinical-psychological

evaluations; and convene an MDT meeting within ten business days of receipt of the last

evaluation to review the evaluations, revise the student's Individualized Educational

Program ("IEP"), determine compensatory education, and identify an appropriate

placement.  On or about October 5, 2005, Plaintiff appeared before an Impartial Hearing

Officer, who ordered the Defendant DCPS to fund an independent occupational therapy

evaluation; and convene an MDT meeting within 15 school days of receipt of the

evaluation to discuss and determine placement, review current evaluations, update the

student's IEP, discuss compensatory education, and determine a compensatory education

plan.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney

timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $11,040.68 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and

costs without reason, and $11,040.68 is still due and owing from the Defendant.  Copies

of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are

attached hereto as EXHIBIT 26.

aa.     At all times relevant hereto, Anthony Lewis was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August

15, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to allow the parent to participate in the educational placement of

the student, failed to develop an appropriate Individualized Educational Program ("IEP")

for the student, failed to provide an appropriate placement, and failed to consider the

student for Extended School Year ("ESY") services.  For relief, Plaintiff asked DCPS to

fund the student on an interim basis at the Frost School, provide the student

compensatory education in the form of tutoring and psychological counseling.  On or

about November 9, 2005, Plaintiff appeared before an Impartial Hearing Officer, who

ordered the Defendant DCPS to place and fund the student at the Frost School on an

interim basis for the 2005-2006 school year, and discuss and determine compensatory

education at the next regularly scheduled MDT meeting.  Plaintiff is the prevailing party

as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

costs in the amount of $17,420.83 in accordance with the DCPS' requirements in Board

of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to

reimburse the parent for his attorneys' fees and costs without reason, and $17,420.83 is

still due and owing from the Defendant.  Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 27.

bb.     At all times relevant hereto, Ju'Quan Lewis was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 26, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide compensatory education services that are due as a result of DCPS' failure to develop an appropriate Individualized Educational Program ("IEP"), and failed to provide a placement where the IEP may be implemented.  For relief, Plaintiff asked DCPS to issue a prior notice of placement to a school of the parent's choice, thereby funding the student; provide the student with transportation to the new educational placement; if the student requires residential treatment, locate an appropriate residential facility, complete the student's Interstate Compact Agreement, and schedule transportation arrangements within ten business days; provide or fund one-on-one tutoring for each day of services the student missed.  On or about October 24, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place the student at the Rock Creek Academy; issue a prior notice of placement; and fund the student at the Rock Creek Academy, including transportation and other related services.  Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $12,785.16 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $12,785.16 is still due and owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 28.

cc.    At all times relevant hereto, Alexis Lynch was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 12, 2005, Plaintiffs, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to fully implement the student's Individualized

Educational Program ("IEP"), failed to develop an appropriate IEP, failed to follow

proper procedure in changing the student's placement, and failed to provide an

appropriate placement and program for the student.  For relief, Plaintiffs indicated that

DCPS agreed it denied the student a free appropriate public education ("FAPE"); agreed

to fund the student at the St. Coletta School or an alternate placement, with

transportation; agreed to reconvene an MDT/IEP meeting within ten business days, if the

student is not placed in a private placement, to review all outstanding evaluations,

develop an appropriate IEP, discuss and determine placement, and discuss and determine

compensatory education; and agreed to provide one-on-one tutoring for every service not

provided during the 2005-2006 school year.  On or about November 2, 2005, Plaintiffs

appeared before an Impartial Hearing Officer, and settled on the record, indicating that

DCPS would place and fund the student at The Sharpe Health School/Roosevelt Satellite

Campus; convene an MDT/IEP meeting within 15 school days to review evaluations,

review and revise the IEP and disability code, discuss and determine placement, and

discuss and determine compensatory education.  Plaintiffs are the prevailing parties as

that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

costs in the amount of $7,848.99 in accordance with the DCPS' requirements in Board of

Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs without reason, and $7,848.99 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 29.

      dd.     At all times relevant hereto, Damonte Mack was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 26, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with a March 23, 2005 Hearing Officer's Determination ("HOD") to reconvene an MDT/IEP meeting to review the student's evaluations, revise the student's Individualized Educational Program ("IEP"), and determine what amount of compensatory education is due. For relief, Plaintiff asked DCPS to reconvene an MDT/IEP meeting to review all outstanding evaluations and develop an appropriate IEP, fund four hours of individualized tutoring each week for two years as compensatory education for the student. On or about November 18, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene an MDT/IEP meeting within fifteen (15) school days of issuance of the Hearing Officer's Determination ("HOD") to review independent evaluations, determine eligibility, develop or review and revise the student's IEP, discuss and determine placement, and discuss compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,924.87 in accordance with the DCPS' requirements in Board of

42

Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $6,924.87 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 30.

      ee.    At all times relevant hereto, Alexander Moss was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 14, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to conduct triennial evaluations and failed to conduct a vocational assessment. For relief, Plaintiff asked DCPS to conduct independent psycho-educational, clinical psychological, and vocational assessments; and convene an MDT/IEP meeting within 15 calendar days of receipt of the independent evaluations to revise the student's Individualized Educational Program ("IEP"). On or about November 7, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to conduct or fund clinical, psycho-educational, and vocational assessments; and convene an MDT/IEP meeting within fifteen (15) school days of receipt of all evaluations to review all current evaluations, review and revise the student's IEP, determine an appropriate educational placement for the 2005-2006 school year, and discuss and determine compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $16,855.22 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to

reimburse the parent for her attorneys' fees and costs without reason, and $16,855.22 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 31.

ff.    At all times relevant hereto, Keonna Murray was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 26, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to develop an appropriate Individualized Educational Program ("IEP"), failed to convene a complete IEP team for its meeting on April 12, 2005, failed to conduct comprehensive evaluations for the student and failed to provide related and/or instructional services to the student for the 2004-2005 school year. For relief, Plaintiff asked DCPS to conduct evaluations, including occupational therapy, social history, Vineland and/or other adaptive, functional behavioral assessments, and classroom observations; convene an MDT meeting within ten days of completion of assessments to review the evaluations, revise the IEP, discuss compensatory education, and discuss and determine placement; and secure the participation of all necessary team members at the meeting. On or about October 24, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene an MDT meeting with all required persons within 30 calendar days of issuance of the Hearing Officer's Determination ("HOD") to review all evaluations, review and revise the student's IEP, and address the student's disability classification. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

44

attorneys' fees and costs in the amount of $9,549.40 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for his attorneys' fees and costs without reason,

and $9,549.40 is still due and owing from the Defendant. Copies of the Hearing Request,

Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT

32.

      gg.     At all times relevant hereto, Jonathan Muse was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about August

25, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to convene an MDT meeting in a timely manner. For relief,

Plaintiff asked DCPS to provide compensatory education in the form of one-on-one

tutoring for the 15 hours per week of specialized instruction from April 26, 2005 to the

date of the hearing request that was not provided to the student; and convene an MDT

meeting within ten business days to develop appropriate present levels of performance,

and goals and objectives, on the Individualized Educational Program ("IEP"); and

determine placement. On or about October 24, 2005, Plaintiff appeared before an

Impartial Hearing Officer, who ordered the Defendant DCPS to convene an

MDT/IEP/Placement meeting on November 1, 2005 to review and discuss assessments,

determine the student's eligibility, determine if additional assessments are needed, revise

the student's IEP, and discuss and decide placement. Plaintiff is the prevailing party as

that term is defined by law. Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

45

costs in the amount of $5,657.77 in accordance with the DCPS' requirements in Board of
Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to
reimburse the parent for her attorneys' fees and costs without reason, and $5,657.77 is
still due and owing from the Defendant. Copies of the Hearing Request, Hearing
Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 33.

      hh.     At all times relevant hereto, Christina Nash was a student in the District of
Columbia Public Schools' ("DCPS") Special Education Program. On or about
September 2, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that
the Defendant DCPS failed to conduct an appropriate educational evaluation to determine
the student's special education needs, failed to develop an appropriate Individualized
Educational Program ("IEP"), and failed to provide an appropriate educational placement
for the student. For relief, Plaintiff asked DCPS to place and fund the student at the
Accotink Academy on an interim basis; complete all necessary reevaluations within 30
calendar days; convene an MDT/IEP meeting to review and revise the student's IEP,
discuss and determine placement, and discuss and determine the student's right to
compensatory education. On or about November 1, 2005, Plaintiff appeared before an
Impartial Hearing Officer, who ordered the Defendant DCPS to conduct or fund an
educational evaluation and a speech/language assessment within 30 calendar days; and
convene an MDT/IEP meeting to review all current evaluations, review and revise the
student's IEP, discuss and determine an appropriate placement for the 2005-2006 school
year, and consider compensatory education. Plaintiff is the prevailing party as that term
is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to

DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the

amount of $6,675.81 in accordance with the DCPS' requirements in Board of Education

Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the

parent for her attorneys' fees and costs without reason, and $6,675.81 is still due and

owing from the Defendant.  Copies of the Hearing Request, Hearing Officer's

Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 34.

      ii.     At all times relevant hereto, Harry O'Neal was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program.  On or about June

27, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to identify and evaluate the student in a timely manner, failed to

conduct a manifestation review or provide services during student's suspension from

school, and failed to provide an appropriate placement and program for the student.  For

relief, Plaintiff asked DCPS to place and fund the student at SunRise Academy or a

similar placement; provide funding for the student to receive one-on-one tutoring; and

convene an MDT/IEP meeting within ten business days, if the student is not placed at

SunRise Academy, to review all outstanding evaluations, revise the student's

Individualized Educational Program ("IEP"), discuss and determine placement, and

discuss and determine the amount of compensatory education required.  On or about

October 26, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the

Defendant DCPS to convene an MDT/IEP meeting within 15 school days of the issuance

of the Hearing Officer's Determination ("HOD") to develop a compensatory education

plan and determine if the student's disability was the proximate cause of his expulsion.

47

Plaintiff is the prevailing party as that term is defined by law.  Plaintiff's attorney timely

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $15,904.30 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal

law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and

costs without reason, and $15,904.30 is still due and owing from the Defendant.  Copies

of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are

attached hereto as EXHIBIT 35.

      jj.     At all times relevant hereto, Johanna Ramirez was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about

September 15, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to provide transportation for the student to attend

Extended School Year ("ESY") services and to attend school.  For relief, Plaintiff asked

DCPS to begin providing transportation within 24 hours; fund at least 160 hours of

private after-school tutoring, at least ten hours of independent speech/language therapy,

and at least eight hours of independent vision therapy; and convene an MDT meeting

within ten school days of the student beginning at Shaed to review the appropriateness of

the placement and identify a different placement, if necessary, or provide funding and

transportation for the student to attend a non-public school.  On or about November 9,

2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant

DCPS to fund 70 hours of independent tutoring services.  Plaintiff is the prevailing party

as that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $11,031.99 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $11,031.99 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 36.

      kk.    At all times relevant hereto, Luis Romero was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 24, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to include the student's teachers in the development of the Individualized Educational Program ("IEP") and to include statements of present levels of performance for written language, and failed to complete a social history in a timely manner. For relief, Plaintiff asked DCPS to fund an independent social history, and convene an MDT meeting within ten business days of receipt of the independent social history to revise the student's IEP and develop an appropriate statement of present levels of functioning in the written language area. On or about August 1, 2005, Plaintiff appeared before an Impartial Hearing Officer, who granted the Plaintiff's petition. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,933.88 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs

49

without reason, and $4,933.88 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 37.

      11.     At all times relevant hereto, Amelia Talley was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 20, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to comply with an August 19, 2005 Hearing Officer's Determination ("HOD") that required DCPS to convene an MDT/IEP meeting to review evaluations and review and revise the student's Individualized Educational Program ("IEP"). For relief, Plaintiff asked DCPS to fund the student, with transportation, for the remainder of the 2005-2006 school year at the Phillips School of Laurel or Annandale; convene a SEP/MDT/IEP meeting within ten calendar days to determine what evaluations are needed, revise and complete an interim IEP, and discuss and determine compensatory education; fund all recommended additional evaluations; reconvene an MDT/IEP meeting five business days after receipt of the last evaluation to review the evaluations, revise and update the student's IEP, and discuss and determine what amount of compensatory education is needed; and fund all compensatory education. On or about November 8, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to place and fund, with transportation, the student at the Phillips School of Laurel on an interim basis; conduct all warranted evaluations within 30 calendar days; and convene an MDT/IEP meeting within 15 school days of completion of the evaluations to review all current evaluations, review and revise the student's IEP, discuss and determine

50

educational placement for the 2005-2006 school year, and discuss and determine

compensatory education. Plaintiff is the prevailing party as that term is defined by law.

Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee

guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,717.08 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4

and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys'

fees and costs without reason, and $8,717.08 is still due and owing from the Defendant.

Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice

are attached hereto as EXHIBIT 38.

      mm.    At all times relevant hereto, Jaymeisha Taylor was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 21,

2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to identify, locate, and evaluate the student for special education

services. For relief, Plaintiff asked DCPS to fund independent evaluations, including

psycho-educational, social history, speech/language, occupational therapy, and vision

assessments; convene an MDT/IEP meeting within ten school days of receipt of the

evaluations; provide two years of compensatory services in the form of one-on-one

tutoring. On or about September 23, 2005, Plaintiff appeared before an Impartial Hearing

Officer, who ordered the Defendant DCPS to fund independent assessments, including

psycho-educational, speech/language, social history, occupational therapy, and vision

assessments; convene a BLMDT/Eligibility/IEP/Placement meeting within 15 school

days after receipt of the last evaluation to review the assessments, determine the student's

eligibility for special education services, determine if additional assessments are warranted, develop the student's Individualized Educational Program ("IEP"), discuss and decide placement, and discuss and decide compensatory education. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,129.19 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $8,129.19 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 39.

nn.    At all times relevant hereto, Davina Walton was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to timely evaluate the student when she had a suspected disability. For relief, Plaintiff asked DCPS to develop and provide, or fund, a compensatory education plan, including 405 hours of specialized instruction that the student missed and one-on-one tutoring for each day of services the student missed. On or about October 7, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to convene an MDT/IEP/SEP meeting within 15 school days of the Hearing Officer's Determination ("HOD") to review current evaluations, determine if additional evaluations are necessary, review and revise the Individualized Educational Program ("IEP"), and discuss and

52

determine if additional compensatory education is needed above the 40 hours awarded on April 19, 2005. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,242.44 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $4,242.44 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 40.

      oo.     At all times relevant hereto, Rachel Washington was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about September 19, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to provide appropriate transportation for the student to arrive at school on time. For relief, Plaintiff asked DCPS to fund at least 18 hours of compensatory education in the form of one-on-one academic tutoring, and to immediately begin transporting the student to school on time. On or about November 14, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to provide, within 30 calendar days of issuance of the Hearing Officer's Determination ("HOD"), ten hours of non-private academic tutoring to be provided at Wilson Senior High School. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $15,219.66 in

accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs without reason, and $15,219.66 is still due and owing from the Defendant. Copies of the Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 41.

pp.    At all times relevant hereto, Justin Wray was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. Plaintiff, by and through counsel, filed a hearing request, alleging that the Defendant DCPS failed to evaluate the student when he had a suspected disability. For relief, Plaintiff asked DCPS to evaluate the student in all areas of suspected disability; convene an IEP meeting to review the assessments, determine whether the student is eligible for special education services, develop an Individualized Educational Program ("IEP") as necessary, and determine an appropriate placement; and provide compensatory education in the form of one-on-one tutoring for each day of services the student missed. On or about November 1, 2005, Plaintiff appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to conduct clinical psychological and vocational assessments of the student within 30 calendar days or fund the evaluations; and convene an MDT meeting within 15 school days of completion of the assessments to review the evaluations, determine the student's eligibility for special education services, develop an Individualized Educational Program ("IEP") as necessary, discuss compensatory education, develop a compensatory education plan, and discuss and determine placement. Plaintiff is the prevailing party as that term is defined by law. Plaintiff's attorney timely

54

submitted a certified invoice, conforming to DCPS attorney fee guidelines, for

reimbursement of attorneys' fees and costs in the amount of $5,263.23 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.

Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs

without reason, and $5,263.23 is still due and owing from the Defendant. Copies of the

Hearing Request, Hearing Officer's Determination ("HOD"), and Invoice are attached

hereto as EXHIBIT 42.

qq.    At all times relevant hereto, Taya Wright was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

June 10, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging that the

Defendant DCPS failed to initiate educational assessments for the student despite parental

requests to do so and the student's history of being developmentally delayed and of poor

academic performance. For relief, Plaintiff asked DCPS to fund the parent's request for

independent evaluations; and convene an MDT/Eligibility meeting within ten days of

receipt of all evaluations to discuss the evaluations, develop an Individualized

Educational Program ("IEP"), determine placement, discuss compensatory education, and

develop a compensatory education plan. On or about September 27, 2005, Plaintiff

appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to fund

psycho-educational, speech/language, occupational therapy, vision, and hearing

evaluations; convene an MDT meeting within 15 school days of receipt of the evaluations

to review the evaluations, determine the student's eligibility for special education

services, develop an Individualized Educational Program ("IEP") as necessary, discuss

placement alternatives, and discuss compensatory education; and allow the parent an

opportunity to participate in meetings. Plaintiff is the prevailing party as that term is

defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to

DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the

amount of $8,567.96 in accordance with the DCPS' requirements in Board of Education

Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the

parent for her attorneys' fees and costs without reason, and $8,567.96 is still due and

owing from the Defendant. Copies of the Hearing Request, Hearing Officer's

Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 43.

   rr.  At all times relevant hereto, Elias Ziegler was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about

September 23, 2005, Plaintiff, by and through counsel, filed a hearing request, alleging

that the Defendant DCPS failed to comply with a July 7, 2005 Hearing Officer's

Determination ("HOD") to fund an independent clinical evaluation and convene an

IEP/Manifestation/Placement meeting to review the assessment, draft an Individualized

Educational Program ("IEP"), and provide an appropriate placement. For relief, Plaintiff

asked DCPS to fund independent assessments, including a functional behavioral

assessment and Behavior Intervention Plan; convene an IEP/Manifestation/Placement

meeting to review all assessments and draft a new IEP; fund the student on an interim

basis at SunRise Academy, For Love of Children, or Phillips School; and provide one

year of compensatory education services. On or about November 21, 2005, Plaintiff

appeared before an Impartial Hearing Officer, who ordered the Defendant DCPS to

convene an MDT/IEP meeting within 45 calendar days of issuance of the Hearing

Officer's Determination ("HOD") to review all current evaluations, review and revise the

IEP, discuss and determine compensatory education, and discuss and determine an

appropriate placement for the 2005-2006 school year.  Plaintiff is the prevailing party as

that term is defined by law.  Plaintiff's attorney timely submitted a certified invoice,

conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and

costs in the amount of $10,633.92 in accordance with the DCPS' requirements in Board

of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to

reimburse the parent for her attorneys' fees and costs without reason, and $10,633.92 is

still due and owing from the Defendant.  Copies of the Hearing Request, Hearing

Officer's Determination ("HOD"), and Invoice are attached hereto as EXHIBIT 44.

     5.     The District of Columbia is a municipal corporation that receives federal

financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and

this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866

(D.D.C. 1972).

     6.     Clifford Janey is the Superintendent of the District of Columbia Public

School System ("DCPS") and the Chief State Officer, and, as such, is responsible for

ensuring that all disabled children in the District of Columbia receive a free appropriate

public education ("FAPE") and that their rights to equal protection and due process of

law are protected.  Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

     7.     Plaintiffs are all "prevailing parties" as defined in Select Milk Producers,

Inc. v. Johanns, 400 F.3d 939 (D.C. Cir. 2005)(citing Buckhannon Board and Care Home,

Inc., v. West Virginia Department of Health and Human Resources, 532 U.S. 598

(2001)), and are thus entitled to recover reasonable attorneys' fees and costs.

      8.      On or about December 5, 2005, Plaintiffs, through counsel, timely

submitted their invoices for reimbursement of reasonable attorneys' fees and costs to

Defendants.

      9.      That in accordance with the law, all HODs are final and all HODs referred

to herein are final.

      10.      That according to Defendants' "Guidelines for the Payment of Attorney

Fees in IDEA Matters," invoices for reimbursement of reasonable attorneys' fees are

considered denied if not acknowledged within 90 days of submission.

      11.      That more than 90 days have elapsed since the Plaintiffs, through

counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees

and costs to Defendants, and Defendants have neither acknowledged the submissions nor

remitted payment.  Therefore, under the Guidelines established by the Defendants,

Plaintiff's invoices are considered denied by Defendants.

      12.      That Defendants have refused and/or failed to pay Plaintiffs' Attorney

Fee Applications without just reason or cause.

      13.      That in denying full reimbursement to Plaintiffs as and for their attorneys'

fees and costs, the Defendants have knowingly, intentionally, and in contravention of

settled law substituted their own subjective standards for standards articulated by the

IDEA and this Court.

14.     That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

15.     That a party prevails if "there has been a court-ordered change in the legal relationship between the plaintiff and the defendant" and "in whose favor a judgment is rendered, regardless of the amount of damages awarded." Selected Milk Producers, Inc. v. Johanns, 400 F.3d 939 (D.C. Cir. 2005)(citing Buckhannon, 532 U.S. at 603-04).

16.     That the Plaintiffs herein are "prevailing parties" as this term is defined in Selected Milk Producers, Inc.

17.     That Plaintiffs, such as those herein, who prevail under the IDEIA, 20 U.S.C. § 1400 et seq., in an administrative proceeding or in a court action against the Defendants, may recover "reasonable" attorneys' fees.

18.     That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

19.     That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia. See, e.g., Bailey v. District of Columbia, 839 F. Supp. 888 (D.D.C. 1993).

20.     That the current billing rates for the attorneys, as evidenced by the invoices attached as EXHIBITS hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

21.     That the Plaintiffs had settled expectations that if they prevailed, they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the

community" for the legal services provided by their attorneys.

      22.     That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

      23.     That IDEA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein.

      24.     That Defendants have summarily refused to pay Plaintiffs' applications for all costs associated with their cases.

      **WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

      1.     Enter an Order directing Defendants to reimburse Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $412,609.97.

      2.     Award each Plaintiff pre-judgment interest on each award.

      3.     Award to Plaintiffs reasonable attorneys' fees and costs incurred in prosecuting the instant lawsuit.

      4.     Awarding such other relief as may be just and proper.

                           Respectfully Submitted,

                           Tilman L. Gerald
                           Bar No.: 928796
                           James E. Brown & Associates, PLLC
                           1220 L Street, NW, Suite 700
                           Washington, D.C. 20005
                           (202)742-2000
                           Attorney for Plaintiffs

60