UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BELINDA MOORE, for M.A., a minor, et al., : <br><br> Plaintiffs, : <br><br> v. : <br><br> DISTRICT OF COLUMBIA, et al., : <br><br> Defendants. : | Civ. No. 06-0576 (RCL) |

### DEFENDANTS' MOTION TO DISMISS

The Defendants, by counsel, hereby move, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of Plaintiffs' Complaint. The individual plaintiffs remaining in this action after Plaintiffs' July 3, 2006, voluntary dismissals have failed to state a claim under 42 U.S.C. §1983 and Section 504 of the Rehabilitation Act for which relief may be granted, and certain of them are not prevailing parties entitled to attorneys' fees under the Individuals With Disabilities Education Act, 20 U.S.C. §§1400 et seq.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities, and an appropriate proposed order is also submitted.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Amy Caspari**
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
(202) 724-7794
email: amy.caspari@dc.gov

July 13, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BELINDA MOORE, for : <br> M.A., a minor, et al., : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> DISTRICT OF COLUMBIA, et al., : <br> : <br> Defendants. : | Civ. No. 06-0576 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

On March 29, 2006, forty-four named plaintiffs filed the captioned Complaint for reimbursement of attorneys' fees and costs, asserting that they were "prevailing parties" in administrative proceedings pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 et seq. ("IDEA"). By Praecipe filed July 3, 2006, thirty-eight of the initial plaintiffs' claims were voluntarily dismissed. Accordingly, while no amended complaint has yet been filed, S.H., D.J., D.K., J.M., K.M. and L.R. are the only remaining plaintiffs in this action (see Complaint paras. 4t, 4y, 4v, 4ff, 4gg and 4kk and Exhibits 20, 22, 25, 32, 33, and 37).

The complaint (paragraph 2) states that it is being filed pursuant, among others, to IDEA sections 1400-1461; the Rehabilitation Act ("Section 504"), 29 U.S.C. §794; and 42 U.S.C. § 1983 ("Section 1983"). As will be shown below, however, no claims based on Section 1983 or Section 504 of the Rehabilitation Act are properly presented, and must be dismissed. Moreover, S.H. and D.J. are not prevailing parties entitled to

3

attorneys' fees under IDEA, and the claim by J.M. is an improper duplication of what has already been presented in another pending action in this Court.

All such claims, Defendants submit, must be dismissed.

## ARGUMENT

### I. Standards for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff bears the burden of establishing that the court has jurisdiction. See District of Columbia Retirement Board v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). Dismissal pursuant to Rule 12(b)(6) is appropriate when a complainant has failed to set forth a claim for which he/she is entitled to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (holding complaint should be dismissed pursuant to Fed. R. Civ. P. 12 "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would have entitled him to relief"). Construing the complaint here in the light most favorable to the plaintiffs, the District is entitled to relief because plaintiffs fail to set forth a claim for which they are entitled to relief.

Because plaintiffs have attached exhibits to their complaint, the Court may consider those materials in ruling on a Rule 12(b)(6) motion. See Messerschmidt v. United States, 2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005)(the defendant's motion to dismiss was not converted to motion for summary judgment when attached thereto were prior court opinions relating to the allegations in the complaint and which were matters of public record). See also Abbey v. Modern Africa One, LLC, 2004 U.S. Dist. LEXIS 2392 **25 n. 14(D.D.C. 2004)("in a motion to dismiss, the Court may consider facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in

4

the complaint, and matters of which the Court may take judicial notice," citing Baker v. Henderson, 150 F. Supp. 2d 17, 19 n. 1 (D. D.C. 2001)).

II. **Dismissal of the Claims Herein is Required.**

    A. **J.M.'s claim duplicates that in another pending suit.**

In the Complaint (para.4gg and Exhibit 33), reimbursement of fees is sought for administrative proceedings that eventuated in a hearing officer's decision issued November 3, 2005 with respect to J.M. That same claim has been advanced in Santamaria v. District of Columbia, Civ. No. 06-0823 (D.D.C., filed March 29, 2006). Compare Santamaria Complaint, (para. 4n and Exhibit 14). The Defendants have addressed the merits of that claim in a motion to dismiss filed in the Santamaria action on July 12, 2006.[1]

In the interest of a sensible use of the Court's resources and processes, and to the extent the same claim is being addressed by the parties in Santamaria, the claim of J.M. in this action should be dismissed.

    B. **The complaint exhibits themselves demonstrate that D.K. and D.J. were not "prevailing parties" under IDEA.**

IDEA provides, in relevant part, that "[in] any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a *prevailing party* who is the parent of a child with a disability." 20 U.S.C. § 1415 (i)(3)(B)(1)(emphasis added). In this jurisdiction, it is settled that, to be a "prevailing party" entitled to attorneys' fees under IDEA, claimants must demonstrate that they received a favorable decision on the merits of their administrative or judicial

---

[1] As shown by the Defendants in Santamaria, J.M. was not a prevailing party in the relied-on IDEA administrative proceedings, and for that reason was not entitled to fees reimbursement. See Santamaria, Defendants' Motion to Dismiss, filed July 12, 2006, pp. 5-6.

5

action. See, e.g., Alegria v. District of Columbia, U.S. Dist. LEXIS 16898 (D.D.C., Sept. 6, 2002), aff'd, 391 F.3d 262 (D.C. Cir. 2004). The Circuit Court in Alegria noted that the Supreme Court in Buckhannon Board and Care Home Inc. v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598 (2001), held that the term "prevailing party" "did not 'include[ ] a party that has failed to secure a judgment on the merits or a court-ordered consent decree.'" Alegria, 391 F.3d at 265.

As to D.J. and D.K., the Complaint exhibits (hereinafter "Pl. Ex.") show that those claimants were *not* "prevailing parties" under IDEA – that they did *not* obtain a favorable decision on their administrative complaint claims that DCPS had denied the student involved a FAPE. Regarding D.K., the hearing officer's ruling (see Pl. Ex. 25) simply recited certain terms of the parties' settlement agreement, while ruling that any claims by the plaintiff concerning an earlier DCPS action were, "herewith and forever, BARRED." Pl. Ex. 25, HOD. To the extent the hearing officer's decision did nothing more than acknowledge the existence of settlement terms, D.K. is not a "prevailing party" under IDEA. Applying the Buckhannon holding, the Court in Abraham v. District of Columbia, 338 F.Supp.2d 113, 120 (D.D.C., 2004), held that, unless administrative hearing officers *ordered* settlement provisions in their decisions, prevailing party status was not conveyed:

> It would be insufficient for an HOD *merely to mention the existence of a settlement agreement* or to dismiss the claim as moot due to settlement. For an IDEA claimant to be a "prevailing party," the HOD must *order* DCPS to undertake or refrain from some conduct consistent with that statute. [Emphasis added.]

No such order was issued as to D.K., and there is no consequent entitlement to attorneys' fees under IDEA.

6

With respect to D.J., the hearing officer's ruling (Pl. Ex. 22) established that at the Resolution Session required by IDEA before any hearing is conducted (20 U.S.C. §1415(f)(1)(B)) – to permit the settlement of complaint claims without the need for administrative litigation – DCPS had offered to satisfy all of the requests contained in the plaintiff's complaint, and proposed to do so by a settlement. As the hearing officer explained, the only reason the offered settlement was not concluded – a settlement embodying precisely the same terms described in the HOD – was that plaintiff's counsel did not indicate consent to the agreement before the hearing was convened.

In Defendant's view, counsel's conduct was an obvious abuse of the statutory scheme for no purpose other than pursuit of attorneys' fees here. Under the statute, attorneys' fees may not be sought for activities relating to a Resolution Session. 20 U.S.C. §1415(i)(3)(D)(iii). Counsel defeated consummation of the DCPS-offered settlement (even though the student's parent favored the settlement) by declining to respond, in order to force the matter to a hearing, for which fees are potentially recoverable. The recitation of settlement terms in an HOD following the abusive procedural maneuvering here did not represent a favorable disposition of the merits of the plaintiff's complaint such that "prevailing party" status vested. To hold otherwise would simply be to reward such plainly self-serving and improper conduct on the part of counsel, and to encourage other counsel to emulate that conduct.

    **C.**    **Plaintiffs fail to sufficiently plead a Rehabilitation Act claim.**

Plaintiffs' Section 504 Rehabilitation Act claim, brought pursuant to 29 U.S.C. § 791 et seq., seeks attorneys fees arising out of IDEA proceedings. Complaint, ¶ 2. Plaintiffs' Section 504 claim for attorneys fees fails for two reasons: (a) Plaintiffs failed

to plead additional facts beyond an IDEA violation, and (b) Plaintiffs' exhibits attached to their complaint demonstrate that there was no predicate violation of FAPE at the administrative level.

"Section 504 and the EHA [the IDEA predecessor] are different substantive statutes. While the EHA guarantees a right to a free and appropriate public education, Section 504 simply prevents discrimination on the basis of handicap." Smith v. Robinson, 468 U.S. 992, 1016 (1984). Generally, the Rehabilitation Act of 1973 is intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidated Rail Corp. v. Darrone, 465 U.S. 624, 626 (1984).

In order to assert a Section 504 claim in the context of handicapped children seeking IDEA benefits, the D.C. Circuit has held that "[s]omething more than a mere failure to provide the 'free appropriate education' required by [IDEA] must be shown." Walker v. District of Columbia, 969 F. Supp. 794, 797 (D.D.C. 2001) (citing Lunceford v. D.C. Bd. of Educ., 745 F.2d 1577, 1580 (D.C. Cir. 1984)). A plaintiff must show bad faith or gross misjudgment on the part of a defendant. Walker, 969 F. Supp. at 797.

Furthermore, the Supreme Court has held that a plaintiff cannot recover attorneys' fees under Section 504 for IDEA violations. In Smith v. Robinson, 468 U.S. 992, 1019 (1984), the Court stated:

> [T]here is no doubt that the remedies, rights, and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

8

See also Doe v. Maher, 793 F.2d 1470, 1494 (9th Cir.), cert. granted, 479 U.S. 1084, aff'd as modified, 484 U.S. 305(1986) (IDEA "provides the sole remedy for handicapped children who have been denied their right to a free appropriate public education") (citing Smith v. Robinson, 468 U.S. at 1019; Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985)); Alexopulos v. Riles, 784 F.2d 1408 (9th Cir. 1986); Swift v. The Rapides Parish Public School System, 812 F. Supp. 666, 667 n.1 (W.D.La.), aff'd, 12 F.3d 209 (5th Cir. 1993) ("relief under Section 504 is not available for [IDEA] violations").

Accordingly, to the extent IDEA itself provides for attorneys' fees for prevailing parties (and since the plaintiffs advanced no Section 504 assertions in the administrative proceedings), any claims for attorneys' fees herein based on Section 504 of the Rehabilitation Act must be dismissed.[2]

### C. The Complaint fails to state a Section 1983 claim.

#### 1. The Complaint's allegations are patently deficient.

To sufficiently plead a Section 1983 claim based upon a violation of the IDEA, plaintiffs must satisfy a four-part test: (1) that the defendant violated IDEA, (2) that "exceptional circumstances" exist, such that the conduct of the defendant causing the IDEA violation was "persistently egregious and prevented or frustrated [plaintiff] from securing equitable relief under the IDEA, (3) that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations, and (4) that normal remedies offered under the IDEA – specifically, compensatory education – are

---

[2] See also George v. District of Columbia, Civ. No. 03-1656 (D.D.C., June 8, 2004), Memorandum at 5 n. 1:

> Plaintiffs claim entitlement to fees under both 20 U.S.C. §1415(i)(B)(3) and 29 U.S.C. §794a(b) (Section 505 of the Rehabilitation Act). . . . Presumably, plaintiffs invoke section 505 in the hope that an award made under that provision would not be subject to the [District of Columbia Appropriations Act $4,000] fee cap. Plaintiffs did not prevail on Section 504 grounds, however, and, even if it were otherwise appropriate for me to classify this fee award as one under Section 505, such an action would clearly circumvent Congress' intent in imposing the fee cap.

inadequate to compensate plaintiff for the harm that he or she allegedly has suffered." R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003)(citing Walker v. District of Columbia, 157 F. Supp. 2d 10, 11 (D.D.C. 2001)).

While there is no heightened pleading requirement for a Section 1983 claim alleging municipal liability, "a section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom." Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996). Though the D.C. Circuit has not required a plaintiff to "[p]lead law or match facts to every element of a legal theory [in a Section 1983 claim]," Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1115 (D.C. Cir. 2000), it still requires that the complaint "include some factual basis for the allegation of a municipal policy or custom." Atchinson, 73 F.3d at 422. See also R.S. v. District of Columbia, supra.

In Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., Sept. 21, 2003), the Court, while observing that "the threshold to survive a motion to dismiss under Fed R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any IDEA-based claims under Section 1983 in the absence of complaint allegations relating to three of the four elements required to show a violation of Section 1983. Slip op at 10. Among other things, the Court observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id.

So here, there are no allegations of an improper custom, policy or practice of the District of Columbia – nor any other allegations that satisfy the pleading minima described in Jackson – and Plaintiffs' Section 1983 claim should be dismissed. See

10

Spilsbury v. District of Columbia, 377 F. Supp. 2d 1, 11 (D.D.C. 2005)(Court refused to entertain Section 1983 fee petition in IDEA matter where plaintiff failed to distinguish his Section 1983 claim by pleading "policy, practice and custom" pursuant to Monell v. Department of Soc. Servs. of the City of New York, 436 U.S. 658 (1978)).

>   2.  **No denial of an IDEA "right" to attorneys' fees – the quid pro quo for a valid Section 1983 claim – has been shown.**

Section 1983 establishes no independent substantive rights. To state a claim under Section 1983, a plaintiff must first establish the violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). To the extent the Plaintiffs contend that DCPS' failure to pay their claim for attorneys' fees is somehow a violation of a right under IDEA warranting relief under Section 1983, that position is plainly wrong.

The Supreme Court has held that when determining whether a particular statutory provision gives a right enforceable under Section 1983, "the statute must [inter alia] unambiguously impose a binding obligation…". Blessing v. Freestone, 520 U.S. 329, 340 (1997). The core IDEA provision relating to attorneys' fees, 20 U.S.C. §1415(i)(3)(B)(1), provides as follows:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
>   (I)   to a prevailing party who is the parent of a child with a disability . . . .

The "right" thus conveyed is *to petition a court for an award of reasonable attorneys' fees*.

That DCPS has not voluntarily paid fee invoices cannot be a violation of that statutory "right" – IDEA does not "unambiguously impose a binding obligation" on DCPS to voluntarily pay attorneys' fees. And it has been held directly that the "right to

11

reasonable attorneys' fees" under the IDEA is not a right enforceable through Section 1983. Kaseman v. District of Columbia, 329 F.Supp. 2d 20, 31 (D.D.C. 2004), rev'd on other grounds, 444 F.3d 637 (D.C. Cir. 2006). Accordingly, any remaining claims in this action under Section 1983 must be dismissed.

## CONCLUSION

The remaining plaintiffs are not entitled to attorneys' fees under Section 504 of the Rehabilitation Act of 1973. Moreover, since the Plaintiffs' entitlement to attorneys' fees in this case arises under IDEA, and because the complaint does not allege any of the elements necessary to establish liability under Section 1983 of the Civil Rights Act, the Court may not award plaintiffs' attorneys' fees under that statute. Finally, neither D.K nor D.J. are "prevailing parties" under IDEA, and have no entitlement to attorneys' fees even under that statute, and J.M's claim has already bee presented in another action pending in this Court.

Accordingly, dismissal of the claims as explained herein is respectfully requested.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Amy Caspari**
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor North
Washington, D.C. 20001
(202) 724-7794
email: amy.caspari@dc.gov

July 13, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BELINDA MOORE, for <br> M.A., a minor, et al., : <br><br> Plaintiffs, : <br><br> v. : <br><br> DISTRICT OF COLUMBIA, et al., : <br><br> Defendants. : | Civ. No. 06-0576 (RCL) |

**<u>ORDER</u>**

Upon consideration of Defendants' Motion to Dismiss the Complaint, any responses thereto, and the record herein, it is

ORDERED, that Defendants' Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED, that the Complaint herein is DISMISSED with prejudice.

_____
United States District Judge